UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-6030-RSR

UNITED STATES OF AMERICA,

        Plaintiff,

v.

CHRISTOS BAGIOS,

        Defendant.
_____/

**ORDER**

This matter is before the Court upon Defendant Christos Bagios's *ore tenus* Motion to Discharge Defendant for Failure to Hold a Timely Preliminary Examination. Upon consideration of Defendant's Motion, argument from counsel, and the record, and being otherwise duly advised in the premises, the Court denies Defendant's Motion for the reasons set forth below.

On January 28, 2011, Defendant had his initial appearance on the Complaint in this case in the Southern District of New York. At that time, Defendant requested a continuance of his bond hearing or detention hearing until February 1, 2011. The court asked Defendant whether he wished to waive his preliminary hearing, and counsel for Defendant responded that Defendant did not wish to waive his preliminary hearing but that he might be willing to continue it. Based on counsel's statements, the Court set Defendant's preliminary hearing or arraignment for February 14, 2011, in the Southern District of New York.[1]

---

[1] Friday, February 11, 2011, was a court holiday in the Southern District of New York, so the Court set the hearing for the next business day, February 14, 2011.

On February 1, 2011, the parties returned to the Southern District of New York for the bond hearing. Instead of proceeding with the bond hearing, however, Defendant waived a removal hearing and consented to removal to the Southern District of Florida, noting his intention to seek bail in this District. During the February 1, 2011, hearing, counsel for Defendant acknowledged that transfers of defendants may require lengthy journeys and requested that Defendant be moved expeditiously to the Southern District of Florida. Towards this end, counsel for Defendant requested that Defendant be moved by way of plane instead of by ground transportation. The Southern District of New York declined to direct the Marshals Service regarding how to transport Defendant but indicated on the removal paperwork, "[Defendant] to be removed as expeditiously as possible to S.D. Fla." Finally, the court asked counsel for Defendant whether the court needed to address any other matters with respect to Defendant. Defense counsel replied that it did not.

In February 2011 significant parts of the United States, including large parts of the Northeast Corridor, experienced severe weather that substantially impaired road and other travel conditions. According to counsel for the United States, the Marshals Service was not able to transport Defendant out of the Philadelphia/Northeast Corridor area of the United States for a one-week period, in addition to other weather-related delays. Besides the poor weather, the Marshals Service air fleet used to transfer prisoners experienced problems. More specifically, one of the Marshals Service's airplanes filled with smoke. As a result, the Government asserted during the hearing on Defendant's Motion, the entire air fleet was grounded until the cause of the problem could be resolved.

Thus, although Defendant consented to removal on February 1, 2011, he did not arrive in the Southern District of Florida until February 28, 2011. The following day, Defendant appeared in Court in the Southern District of Florida. During that appearance, Defendant made the pending *ore*

*tenus* Motion.

In support of his Motion, Defendant argues that 18 U.S.C. § 3060(d) requires the discharge of a defendant from custody where no preliminary hearing has been held within the fourteen days mandated by 18 U.S.C. § 3060(b)(1). The Court begins with the relevant statute.

Section 3060 of Title 18 governs preliminary examinations. Under Section 3060(b)(1), as a general rule, a preliminary examination

> shall be held within a reasonable time following initial appearance, but in any event not later than –
>
> (1) the fourteenth day following the date of the initial appearance of the arrested person before such officer if the arrested person is held in custody without any provision for release, or is held in custody for failure to meet the conditions of release imposed . . . .

Unless an indictment is returned prior to the preliminary examination, "an arrested person who has not been accorded the preliminary examination . . . within the period of time fixed by the judge or magistrate judge in compliance with subsections (b) and (c), shall be discharged from custody . . ., without prejudice, however, to the institution of further criminal proceedings against him upon the charge upon which he was arrested." 18 U.S.C. § 3060(d). Section 3060(c), in turn, provides,

> With the consent of the arrested person, the date fixed by the judge or magistrate judge for the preliminary examination may be a date later than that prescribed by subsection (b), or may be continued one or more times to a date subsequent to the date initially fixed therefor. In the absence of such consent of the accused, the judge or magistrate judge may extend the time limits only on a showing that extraordinary circumstances exist and justice requires the delay.

In this case, no preliminary examination has occurred, although more than fourteen days have elapsed since Defendant's initial appearance in the Southern District of New York. The Government

suggests that the fourteen-day period should not begin until Defendant's arrival in the Southern District of Florida, but Defendant cites to *United States v. Villanueva*, 2007 WL 1813922 at *1 (E.D. Wis. June 21, 2007), for the proposition that the clock begins ticking as of the initial appearance, no matter where that might occur.  In *Villanueva*, the Eastern District of Wisconsin held that the then-ten-day period[2] within which the preliminary examination must occur begins on the date of the initial appearance in the arresting district.  *See id.* at *2.

In addition, Defendant directs the Court to *United States v. Rogers*, 455 F.2d 407, 410 (5th Cir. 1972).[3]  In *Rogers*, the defendant made his original appearance in St. Louis on August 31, 1970. On September 11, 1970, the defendant was ordered removed to the Northern District of Florida.  He arrived in the Northern District of Florida on September 22, 1970.  On December 2, 1970, the defendant filed a petition for habeas corpus in order to obtain a preliminary hearing.  The court finally held a preliminary examination on January 7, 1971, and the defendant was indicted a week later, on January 14, 1971.

In response to the defendant's appeal seeking reversal of his conviction and dismissal of the indictment for lack of a timely preliminary hearing, the former Fifth Circuit stated,

> In the case now before us, [the defendant] did have bond set, he first said he had private counsel, then he had counsel appointed for him, hearings had been set for him in St. Louis but they were aborted because of the absence of his privately retained counsel, he waived further proceedings in Missouri and agreed to be transferred to Florida, and he had the benefit of counsel when he was subjected to the lineup.

---

[2]In 2009 the statute was amended to allow for a fourteen-day period.

[3]Pursuant to *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), opinions of the Fifth Circuit issued prior to October 1, 1981, are binding precedent in the Eleventh Circuit.

> The only thing missing was a finding of probable cause for his detention. The failure in this regard might be excused on the basis of his waiver of further proceedings in Missouri. Even so, we think the District Court in December, 1970, when Rogers sought it, should have directed that he be released if not promptly given a preliminary hearing. That is all Rogers was entitled to, however, and it went only to his detention prior to indictment. Once indicted, the Government was entitled to hold him under the indictment and he was not entitled to have the indictment dismissed.

*Rogers*, 455 F.2d at 412. Defendant cites this case for the proposition that the preliminary hearing period begins to run upon initial appearance in the arresting district. A close review of this case, however, reveals that the *Rogers* Court suggested that where a defendant waives further proceedings in the arresting district, the defendant is entitled to an immediate preliminary hearing upon his return to the charging district and his request for a preliminary hearing.

Thus, under *Rogers*, when Defendant waived further proceedings in the Southern District of New York and consented to removal, knowing that he would not be present for the preliminary examination set for February 14, 2011, in the Southern District of New York, Defendant's actions effectively waived the fourteen-day period to the extent that the period ended while Defendant was in transit, and Defendant became entitled to an immediate preliminary hearing upon his arrival in the Southern District of Florida and his request for a preliminary examination. As Defendant arrived in the Southern District of Florida on February 28, 2011, and appeared in Court on March 1, 2011, during which appearance he objected for the first time to the lack of a prior preliminary hearing, under *Rogers*, Defendant was entitled immediately to a preliminary hearing.

Yet the reasoning of *Rogers* mandating this outcome, as opposed to the counting methodology set forth in *Villanueva*, constitutes pure *dicta*. Because the only question that the court had to consider in *Rogers* was whether the failure to hold a timely preliminary examination required

dismissal of the indictment, and further, because the court assumed that no timely preliminary examination had occurred, the court's musings on when a preliminary examination might have been timely were not necessary to its determination on the merits. As a result, the court's statements regarding when a preliminary examination is timely are not binding on this Court. *See McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1314-16 (11th Cir. 1998) (Carnes, J., concurring).

Nor can this Court find language in Section 3060 justifying exclusions from the preliminary-hearing period for transfer between districts, even though Congress clearly knew how to exclude such time if it wished to do so. *See, e.g.*, 18 U.S.C. 3161(h)(1)(F) (excluding from Speedy Trial Act calculations the period of delay resulting from transportation of any defendant from another district, among other reasons). Consequently, this Court agrees with Defendant that the fourteen-day period begins upon his initial appearance, regardless of where that initial appearance occurs. As a result, in the absence of any additional extensions or the return of an indictment, the fourteen-day period in this case would have expired on February 14, 2011, the date for which the Southern District of New York originally set the preliminary examination in this matter.

Under the statute, however, that does not end the inquiry, as counsel for Defendant agreed during the hearing. Instead, the Court must consider whether, under Section 3060(c), "a showing that extraordinary circumstances exist and justice requires the delay" of the preliminary hearing has been made. A search of the law has revealed no cases expressly purporting to apply this standard in the context of Section 3060(c).

Nevertheless, it is at the Section 3060(c) stage of the inquiry that the Court finds appropriate consideration of the factors discussed in the *Rogers* dicta. More particularly, the Court views *Rogers*'s dicta as suggesting that a defendant's waiver of further proceedings in an arresting district

is not entirely irrelevant to the determination of whether justice requires a delay of the preliminary examination when the delay occurs because a defendant is in transit between districts. In this regard, Rule 5.1(b), Fed. R. Crim. P., specifically provides a defendant with the option of proceeding with his preliminary hearing in either the arresting district or the charging district. Here, Defendant already had a preliminary-hearing date set in the Southern District of New York. Knowing that the date was set and expressly acknowledging the potentially lengthy transit period to the Southern District of Florida, however, Defendant chose to waive further proceedings in New York, including the holding of his preliminary hearing in that district, and instead to travel to the Southern District of Florida for further proceedings, including his preliminary hearing. Obviously, Defendant's preliminary hearing in Florida could not occur until his arrival in the Southern District of Florida. Under these circumstances, *Rogers* suggests that as long as Defendant receives his preliminary examination immediately upon his arrival in the Southern District of Florida, justice may warrant the delay resulting from the transit period.

This Court would require two steps further, however. First, where the fourteen-day period has expired upon a defendant's return to the charging district, this Court would require that an immediate preliminary examination be offered to a defendant, regardless of whether the defendant affirmatively requests one.

Second, in the instant matter, at the time of Defendant's transfer from the Southern District of New York to the Southern District of Florida, this country was experiencing one of the worst winters in recorded history. As a result of the severe weather, it is beyond dispute that transportation of every type was significantly disrupted. Rendering a bad situation even worse, when the weather cleared enough to allow for transportation, the Marshals Service experienced a grounding of its air

fleet as a result of an apparently unknown mechanical problem. These are the types of extraordinary circumstances that this Court finds warrant an extension of the preliminary-hearing period where a defendant has waived the holding of a preliminary hearing in the arresting district in favor of proceeding with the preliminary hearing in the charging district. For these reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant's *ore tenus* Motion to Discharge Defendant for Failure to Hold a Timely Preliminary Examination is **DENIED**.

**DONE AND ORDERED** this 1st day of March 2011.

ROBIN S. ROSENBAUM
UNITED STATES MAGISTRATE JUDGE