**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 11-6030-RSR**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CHRISTOS BAGIOS,

    Defendant.

_____/

**<u>ORDER</u>**

   This matter is before the Court upon Defendant Christos Bagios's *ore tenus* Motion to Dismiss the Complaint for Failure to Indict Timely Under the Speedy Trial Act.  Upon consideration of Defendant's Motion, argument from counsel, and the record, and being otherwise duly advised in the premises, the Court denies Defendant's Motion for the reasons set forth below.

   On January 28, 2011, Defendant had his initial appearance on the Complaint in this case in the Southern District of New York.  At that time, Defendant requested a continuance of his bond hearing or detention hearing until February 1, 2011.  The court asked Defendant whether he wished to waive his preliminary hearing, and counsel for Defendant responded that Defendant did not wish to waive his preliminary hearing but that he might be willing to continue it.  Based on counsel's statements, the Court set Defendant's preliminary hearing or arraignment for February 14, 2011, in the Southern District of New York.[1]

---

[1]Friday, February 11, 2011, was a court holiday in the Southern District of New York, so the Court set the hearing for the next business day, February 14, 2011.

On February 1, 2011, the parties returned to the Southern District of New York for the bond hearing. Instead of proceeding with the bond hearing, however, Defendant waived a removal hearing and consented to removal to the Southern District of Florida, noting his intention to seek bail in this District. During the February 1, 2011, hearing, counsel for Defendant acknowledged that transfers of defendants may require lengthy journeys and requested that Defendant be moved expeditiously to the Southern District of Florida. Towards this end, counsel for Defendant requested that Defendant be moved by way of plane instead of by ground transportation. The Southern District of New York declined to direct the Marshals Service regarding how to transport Defendant but indicated on the removal paperwork, "[Defendant] to be removed as expeditiously as possible to S.D. Fla." Finally, the court asked counsel for Defendant whether the court needed to address any other matters with respect to Defendant. Defense counsel replied that it did not.

Although Defendant consented to removal on February 1, 2011, he did not arrive in the Southern District of Florida until February 28, 2011. While Defendant was in transit, the Government did not obtain an indictment against him. On March 1, 2011, Defendant appeared for the first time in Court in the Southern District of Florida. At that time, he sought dismissal of the Complaint for failure of the Government to secure an indictment within thirty days of Defendant's arrest.

The Court conducted a hearing on Defendant's Motion and heard testimony from counsel for the Government and for Defendant regarding the events occurring between the parties during Defendant's transit. During the hearing, counsel for the Government stated that it had advised counsel for Defendant of its interest in obtaining Defendant's cooperation. Defense counsel responded that they requested evidence from the Government to share with Defendant in determining

how Defendant wished to proceed.  Government counsel added that counsel for Defendant noted that

Defendant's in-transit status somewhat hampered their ability to sit down with Defendant and

conduct in-depth discussions with him regarding the Government's proposal.  While counsel for

Defendant stated that they had been in contact with Defendant via telephone as he traveled to the

Southern District of Florida, they did not challenge Government counsel's statement regarding the

restraints posed by Defendant's in-transit status.  The Government declined to provide any evidence

in response to Defense counsel's request, but Defense counsel did not foreclose the possibility that

Defendant might desire to cooperate.  Government counsel testified that based on these discussions

with counsel for Defendant, they delayed indicting Defendant while he was in transit, with the hope

that Defendant would agree to cooperate with the Government once he arrived in the Southern

District of Florida and Defense counsel had an opportunity to sit down with him and discuss the

case.

Besides hearing testimony regarding Defendant's Motion, the Court also heard argument.

In this respect, Defendant relies upon 18 U.S.C. § 3162(a)(1).  That statute provides, in pertinent

part,

> If, in the case of any individual against whom a complaint is filed
> charging such individual with an offense, no indictment or
> information is filed within the time limit required by section 3161(b)
> as extended by section 3161(h) of this chapter, such charge against
> that individual contained in such complaint shall be dismissed or
> otherwise dropped. . . .

18 U.S.C. § 3162(a)(1).  As relevant in this case, Section 3161(b) requires the return of an

information or indictment "within thirty days from the date on which [the] individual was arrested

. . . ."  Section 3161(h)(1)(F), however, excludes from the computation of the thirty-day period

-3-

"[a]ny period of delay . . . resulting from transportation of any defendant from another district, . . . except that any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable."

Here, it is clear that no indictment was returned within thirty days of Defendant's initial appearance in the Southern District of New York.  As the initial appearance occurred on January 28, 2011, an indictment should have been returned by February 27, 2011.  That did not happen.

As a result, the Court must consider whether Section 3161(h)(1)(F) requires the exclusion of any time from the presumptive 30-day period.  The Government points to the ten-day period identified in Section 3161(h)(1)(F) and describes it as presumptively expanding to forty days the period for obtaining an indictment when a defendant is in transit.  As we are still within the forty-day period, the Government reasons, no Speedy Trial Act violation has occurred, and Defendant's Motion should be denied.

Defendant, on the other hand, argues that no time should be excluded from the thirty-day period because Defendant did nothing during his transit that necessitated any delay in obtaining an indictment.  In support of this position, Defendant directs the Court to *United States v. Villanueva*, 2007 WL 1813922 at *1 (E.D. Wis. June 21, 2007).  In *Villanueva*, the Eastern District of Wisconsin explained,

> The ten days is not a firmly established limit of the amount of time that may be excludable as a result of delays resulting from transporting a defendant; it is a presumption.   Section 3161(h)(1)(H)[2] states that time in excess of the ten days shall be

---

[2]At another point in the opinion, the court quotes the provision of Section 3161(h) to which it refers.  The quotation makes clear that the Court is actually discussing Section

presumed to be unreasonable.  A presumption can be rebutted, but the court finds that the government has failed to establish that any time, not even ten days, should be excluded from the 30 day time limit for an indictment under the Speedy Trial Act.  Regardless of the reasons for the delays in transporting the defendant to this district, these delays did not prevent the government from being able to pursue an indictment against the defendant.  There has been no suggestion that the defendant's out-of-district custody in any way hindered the government from seeking an indictment against the defendant. . . . Thus, it is the conclusion of this court that because there was no "delay *resulting* from transportation of any defendant," § 3161 (emphasis added), there is no basis to exclude this time under the Speedy Trial Act.

*Id.* at *2.

This Court agrees that in order to obtain an exclusion under the Speedy Trial Act for travel between districts, the Government must demonstrate that a delay in seeking an indictment was related to a defendant's in-transit status.  Unlike in *Villanueva*, however, the Government has made the necessary showing.  More specifically, the Government has offered evidence showing that it had engaged in discussions with Defense counsel regarding the possibility of obtaining Defendant's cooperation – cooperation that realistically might affect the Government's charging decisions.  Although Defense counsel stated that they had requested evidence to show Defendant in order to discuss the possibility of his cooperation with him and the Government had refused to provide such evidence, Defense counsel never indicated that they had, as a result of the Government's decision not to give Defense counsel evidence, advised the Government that Defendant was therefore not interested in cooperating.  On the contrary, the Government remained under the impression that Defense counsel were continuing to consider Defendant's cooperation as a possibility.  Based on his

---

3161(h)(1)(F).  *See Villanueva*, 2007 WL 1813922 at *2; *see also United States v. Williams*, 2009 WL 1119419 (E.D. Wis. Mar. 12, 2009), at *2 (written by the same magistrate judge as *Villanueva* and discussing *Villanueva* and Sections 3161(h)(1)(E) and (F)).

in-transit status, however, Defense counsel had advised the Government, they were not able to sit down with Defendant face-to-face and discuss Defendant's case and his options with him.  Based on this uncontroverted evidence, the Court finds as a matter of fact that the Government delayed seeking an indictment against Defendant at least in significant part because Defendant was in transit and could not effectively discuss his case and his options with his counsel during his travel period, and the Government remained hopeful that Defendant would decide to cooperate, thus affecting the Government's charging decision.

        As the Court finds that delay in indictment resulted from Defendant's travel between districts, the Court must consider the number of days that should be excluded from the Speedy Trial Act calculation.  The Court begins with the ten-day period set forth in the statute.  In this case, Defendant arrived in this District on the thirty-first day and had his first appearance in this District on the thirty-second day, leaving eight days under the ten-day period identified in the statute.  This Court finds that that period is reasonable and should suffice for Defendant and the Government to have time to resolve issues relating to the Government's charging decisions.  Accordingly, the Court finds that it is in the interests of justice and good cause exists for excluding from Speedy Trial Act calculations ten days of Defendant's travel time between districts.  Barring further currently-unforeseen exclusions, Defendant must either be indicted by March 9, 2011, or he must make a knowing, voluntary, and intelligent waiver of his right to be indicted by March 9, 2011.  For these reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant's *ore tenus* Motion to Dismiss

the Complaint for Failure to Indict Timely Under the Speedy Trial Act is **DENIED**.

**DONE AND ORDERED** this 3rd day of March 2011.

ROBIN S. ROSENBAUM
UNITED STATES MAGISTRATE JUDGE